**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

AMON PATTERSON                                                                                  **PLAINTIFF**

V.                                                     **CIVIL ACTION NO. 1:25-CV-00147-DAS**

BURL CAIN, et al.                                                     **DEFENDANTS**

**ORDER CONVERTING CIVIL RIGHTS ACTION TO A HABEAS ACTION**

Plaintiff Amon Patterson, proceeding *pro se*, initiated this proceeding by submitting a six-page handwritten filing which the Court originally construed as a complaint challenging the conditions of his confinement under 42 U.S.C. § 1983. Doc. # 1. On September 12, 2025, the Court entered an Order requiring Patterson to complete and return the Court's standard forms for complaints filed under 42 U.S.C. § 1983. Doc. # 6. Patterson completed and returned these forms on October 17, 2025. Doc. # 10.

Upon careful consideration of the most recent filing, the Court determines that it was mistaken in its original construction. Patterson complains largely about the legality of his pretrial detention and what he believes to be constitutional violations associated with his pretrial arrest and prosecution. *See* Doc. # 10. As to requested relief, his first request is that of injunctive relief.[1] Based on the nature of the claims alleged, and the relief sought, the Court believes this action is most appropriately presented as a federal habeas petition under 28 U.S.C. § 2241.

It is, therefore, **ORDERED**:

1. That the Clerk of Court is **DIRECTED** to mail Patterson the Court's standard form for § 2241 petitions and to take such administrative actions as necessary to properly categorize this action as such;

---

[1] Patterson does request a multitude of damages as well. *See* Doc. # 10 at 7-8.

2. Patterson is **DIRECTED** to complete and return the enclosed habeas form within twenty-one (21) days from the date of this Order. Patterson is warned that his failure to comply with the directives of this order may lead to the dismissal (without prejudice) of his petition for failure to prosecute and for failure to comply with an order of the court; and

3. The Clerk of Court is further **DIRECTED** to reassign this case to the District Judge formerly presiding over this case before Patterson consented to Magistrate Judge jurisdiction.

This, the 3rd day of November, 2025.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**