## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**AMON PATTERSON**                                                          **PETITIONER**

**V.**                                                   **CIVIL ACTION NO. 1:25-CV-00147-GHD-DAS**

**EDWARD EVANS**                                                          **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Amon Patterson for a writ of habeas corpus under 28 U.S.C. § 2241. Respondent has moved to dismiss the petition for failure to state a cognizable claim for federal habeas relief or, alternatively, for failure to exhaust available state-court remedies. Respondent additionally argues that any claims reasonably construed as challenging the conditions of his confinement should be dismissed as improperly filed in this habeas proceeding. Petitioner failed to respond to the motion, and the matter is now ripe of resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed.

### Procedural Background

Petitioner Amon Patterson is a Mississippi pretrial inmate currently confined at the Alcorn County Correctional Facility. Doc. # 15 at 1. On April 26, 2018, a Grand Jury in the Alcorn County Circuit Court indicted Patterson on charges of arson and aggravated assault. Doc. # 20-1 at 4-5. Patterson posted bond in June 2018, and later retained counsel, Tyler Moss, to represent him. *Id.* at 10-11. On his behalf, Patterson's counsel requested discovery and further requested and received at least seven trial continuances. *Id.* at 13-27. Then, on March 10, 2022, the trial court granted defense counsel's motion for a mental evaluation of Patterson. *Id.* at 30-33.

On June 3, 2024, the State of Mississippi submitted a Motion to Revoke Patterson's Bond because he had been arrested recently on separate charges for felon-in-possession of a firearm and

possession of a controlled substance. *Id.* at 36-38. An "alias capias" was issued for Patterson, and the trial court set a hearing on the State's motion for revocation for July 15, 2024. *Id.* at 40-41. The trial court subsequently allowed Tyler Moss to withdraw as Patterson's counsel on July 22, 2024. *Id.* at 42.

Shortly thereafter, on August 8, 2024, a Grand Jury in the Alcorn County Circuit Court indicted Patterson as a habitual offender under Mississippi Code Annotated 99-19-81 in two separate causes: felon-in-possession of a firearm and possession of a controlled substance (methamphetamine) in Cause No. 24-cr-119; and felon-in-possession of a firearm in Cause No. 24-cr-134. Doc. #s 20-2 at 3-5; 20-3 at 3-5. In both cases, the capias was returned as executed on August 14, 2024. Doc. # 20-2 at 6-9; 20-3 at 6-9.

In Cause No. 24-cr-119, the capias noted that Patterson was "in custody" and he had a prior $10,000.00 bond. Doc. # 20-2 at 8. In Cause No. 24-cr-134, the capias noted that Patterson was "in custody" and had "no bond". Doc. # 20-3 at 8. The Arraignment Orders for both cause numbers reflect that Clay Nails is Patterson's defense counsel. Doc. #s 20-2 at 10; 20-3 at 10. Defense counsel requested discovery in both cases. Doc. #s 20-2 at 11-16; 20-3 at 11-16. On October 24, 2024, the trial court granted defense counsel's motion for a mental evaluation of Patterson in Cause No. 24-cr-119. Doc. # 20-2 at 20-28.

Less than a year after the 2024 indictments, on April 21, 2025, a Grand Jury in the Alcorn County Circuit Court returned indictments for additional drug charges against Patterson: possession of a controlled substance (methamphetamine) in Cause No. 25-cr-23; and two counts for possession of a controlled substance (methamphetamine in Count 1 and cocaine in Count 2) in Cause No. 25-cr-132. Doc. #s 20-4 at 3-4; 20-5 at 3-4. Capias was returned executed in both cases on April 25, 2025. Doc. #s 20-4 at 5-8; 20-5 at 5-8. The Arraignment Orders reflect a bond of $5,000.00 in Cause No. 25-cr-23 and $10,000.00 in Cause No. 25-cr-132. Doc. #s 20-4 at 9; 20-5

at 9. Defense counsel Nails continued his representation of Patterson in these new cause numbers and filed motions for discovery in both cases. Doc. #s 20-4 at 10-16; 20-5 at 10-17.

On September 11, 2025, Patterson initiated these proceedings by filing a handwritten complaint initially construed by the Court as seeking relief under 42 U.S.C. § 1983. The Court, however, later determined that "this action is most appropriately presented as a federal habeas petition under 28 U.S.C. § 2241" because "Patterson complains largely about the legality of his pretrial detention and what he believes to be constitutional violations associated with his pretrial arrest and prosecution." Doc. # 13. The Court, therefore, directed Patterson to complete and return the Court's standard form for habeas petitions filed under § 2241. *Id.*

Patterson submitted his amended § 2241 habeas petition on November 20, 2025. Doc. # 15. In said petition, Patterson specifically challenges the length of time to prosecute the charges from Cause Co. 25-cr-132, i.e. the charges for possession of methamphetamine and cocaine. *Id.* at 2. According to Patterson, he has not yet had an initial appearance nor been to court; the indictment is "void"; and his due process and speedy trial rights have been violated. *Id.* at 6-7. Patterson additionally requests a "subpoena to produce documents" and complains about various custodial health concerns. *Id.* at 7; Doc.# 15-1. By way of relief, Patterson requests his "day in court", "judicial review", and "freedom from incarceration at Alcorn County Correctional Facility ASAP" and further asks this Court to "quash the indictment by way of 'written law'". Doc. #s 15 at 7; 15-1.

The Court entered an Order on December 8, 2025, directing Respondent to answer Patterson's petition on or before March 10, 2026. Doc. # 16. The Court later granted Respondent's motion for an extension of time to file a response, making the new deadline March 25, 2026. Doc. # 19; *see* Doc. # 18. On March 25, 2026, Respondent moved to dismiss Patterson's petition for failure to state cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust

3

available state-court remedies. Doc. # 21. Respondent additionally argues that any claims challenging the conditions of his confinement should be dismissed as they are not appropriately addressed in a habeas proceeding. *Id.*

Respondent's motion to dismiss further represents that a representative of the Alcorn County District Attorney's Office confirmed that their office has extended a plea offer to Patterson and his cases have been on the docket every court term, serving as the potential trial date until an agreed order setting trial is filed. *Id.* at 5. Most recently, Patterson's five cases were called in front of Judge Mims on March 2, 2026. *Id.*; *see also* Doc. # 21-9. The District Attorney's Office has further advised Respondent that the parties are awaiting Patterson's mental evaluation and intend to try him as soon as that is resolved. *Id.* The Alcorn County Circuit Court's Mississippi Electronic Courts civil docket and the Mississippi Supreme Court's online docket both reflect an absence of filings by Patterson challenging his current pretrial detention on his numerous pending Alcorn County criminal charges. *Id.*

### Discussion

As he has not yet been convicted in state court, Patterson is a pretrial detainee who has a right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citation omitted). A petitioner is not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Courts have recognized an "important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly function of state judicial processes' by litigating a speedy trial defense to prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). A

pretrial detainee who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Id.*

In his prayer for relief, Patterson requests his "day in court", "judicial review", his freedom from incarceration at Alcorn County Correctional Facility ASAP", and for this Court to "quash the indictment by way of 'written law'". Doc. #s 15 at 7; 15-1. As Patterson is clearly attempting to hinder the State's prosecution of him on the pending charges of arson, aggravated assault, felon-in-possession of a firearm, and drug possession, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes" and no federal intervention is warranted unless he can show that "special circumstances" exist. *See Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court of by other state procedures available to the peititioner.").

In *Dickerson*, the Fifth Circuit declined to accept the petitioner's argument that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance," reasoning that to do so would eliminate the distinction drawn by the court in *Braden* between the disruption of the process versus the enforcement of a speedy trial right. *Id.* It must be remembered that "[t]he Speedy Trial Clause does *not* prohibit prosecution; it [only] requires prompt prosecution." *Montano v. Texas*, 867 F.3d 540, 545 (5th Cir. 2017)(emphasis added). Here, Patterson identifies no special circumstances that warrant disruption of the state's judicial process. Thus, Patterson has failed to state a claim upon which relief can be granted, and his petition should be dismissed accordingly.

Alternatively, to the extent that Patterson seeks only to enforce his speedy trial rights,[1] the Court finds that there is no evidence that he has filed a motion for a speedy trial in the Alcorn County Circuit Court. To be sure, the state court record provided reflects that Patterson has neither filed a speedy trial demand nor otherwise moved for a speedy trial. Moreover, the record reflects that Patterson, through counsel, filed numerous motions (a combination of written and oral) for trial continuances and motions for a mental evaluation. Additionally, the online docket of the Mississippi Supreme Court does not show any filings from Patterson in that court.[2] By failing to first seek relief in state court, Patterson has deprived the state of a fair opportunity to address his claims. *See e.g., Braden*, 410 U.S. at 489-90; *Dickerson*, 816 F.2d at 225. As such, the instant petition may also be dismissed due to Patterson's failure to exhaust available state court remedies prior to seeking federal habeas relief.

Lastly, the Court notes that any claims which could be construed as challenging the conditions of his confinement are not properly brought in a habeas proceeding. "Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). Patterson raises various custodial health concerns which do not challenge the fact or duration of confinement and, therefore, fail to state a cognizable claim for federal habeas relief. Any such claims, however, should be dismissed without prejudice.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry

---

[1] The Court finds no such specific request in the instant petition but addresses this *potential* argument out of an abundance of caution.

[2] *See* https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed May 7, 2026).

of a final order adverse to the petitioner, and Patterson must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). This Court may only grant a COA if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA for claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *Id.* Applying this standard, the Court concludes that a COA should be denied.

## Conclusion

Based on the foregoing discussion, Respondent's motion [21] to dismiss is **GRANTED**. Patterson's habeas claims are **DISMISSED with prejudice**. Any claims which could be construed as challenging conditions of confinement under 42 U.S.C. § 1983 are **DISMISSED without prejudice**. A certificate of appealability is further **DENIED**. A separate judgment in accordance with this memorandum opinion and order will enter this day.

**SO ORDERED**, this the ___ day of May, 2026.

_____
**UNITED STATES DISTRICT JUDGE**

7